## DANIEL PETRIE v. BOARD OF COUNTY COMMISSIONERS OF HUBBARD COUNTY.[1]

October 20, 1905.

Nos. 14,550—(166).

**Transporting Prisoners.**

Chapter 294, p. 518, Laws 1903, amending section 5550, G. S. 1894, so as to provide for expenses and transportation of prisoners necessarily incurred by a sheriff in making arrests, has no application to warrants issued by a justice of the peace.

The defendant board of county commissioners having disallowed a bill for transporting to jail a prisoner arrested by plaintiff as sheriff under a criminal warrant issued by a justice of the peace for Hubbard county, plaintiff appealed to the district court for that county. From a judgment entered pursuant to the findings and order of Spooner, J., affirming the action of defendant board, plaintiff appealed to the supreme court. Affirmed.

*B. F. Wright,* for appellant.

*U. G. Wray,* for respondent.

LEWIS, J.

Appellant, while sheriff of Hubbard county, received a criminal warrant, issued by a justice of the peace of that county, authorizing and directing the proper officer to cause the arrest of a certain person and bring the prisoner before him for examination. The arrest was made at Dexter, Minnesota, and the sheriff brought the man before the

[1] Reported in 104 N. W. 680.

justice, necessarily paying out to a common carrier for his transportation the sum of $2.90. The sheriff filed his bill for this amount with the county commissioners, and, the same having been disallowed, appeal was taken to the district court, and judgment was therein entered affirming the disallowance, from which the sheriff appealed to this court.

Chapter 294, p. 518, Laws 1903, re-enacted section 5550, G. S. 1894, and provided that for serving a summons, warrant, writ, or any process issued by any court of record, the sheriff should receive one dollar for each defendant served, and all necessary transportation charges actually paid out in transporting any such prisoner by a common carrier. The original section contained no provision for recovering transportation charges, and the summons or process there specified was from a court of law, instead of a court of record. Section 5556, G. S. 1894, limits sheriffs' fees to the same as allowed constables, as provided by section 5555, and a sheriff is not entitled to recover transportation charges when performing the duties of a constable, unless chapter 294, p. 518, Laws 1903, makes such provision. No special reference is made in the new act to writs issued out of justice courts. There is no specific repeal of section 5556, and the only language which is relied upon to indicate an intention to include warrants issued out of justice courts is the term "court of record"; and it is claimed to be significant that the court is designated as one of record, whereas the original act referred to it as a "court of law."

Technically, and perhaps historically, considered, a justice court, as defined by the statute of this state, may be termed a "court of record"; but it is not necessary to determine that question at this time. Not only by members of the bar, but also in the popular sense, justice courts are not generally so classified. The legislature has distinguished a justice of the peace from a judge of a court of record. See, with reference to printing and distribution of laws, Laws 1874, p. 118, c. 7, § 31. The duties of a constable are of a local character, and there are probably few occasions for paying money for prisoners' transportation in the service of process from a justice court. For this reason the legislature may have deemed it wise to withhold from constables the privileges conferred upon sheriffs by chapter 294. We can conceive of no reason why sheriffs should be endowed with the exceptional privilege of con-

veying prisoners without expense to himself when performing duties which may be performed by the local officer, a constable. The effect of such legislation would be decidedly in favor of sheriffs, and the intention to accomplish that result should clearly appear from the act. The more reasonable view is that the legislature did not have in mind the technical definition of a court of record, when using that term, but used it in the common acceptation as referring to the superior courts which are authorized to issue such writs, and intended to include only the fees embraced within section 5550.

We hold that chapter 294, p. 518, Laws 1903, has no application to the services involved in this appeal, and the judgment is accordingly affirmed.

Judgment affirmed.